*Decision will be entered under Rule 50.*

ADOLPH ZUKOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 76120.   Promulgated October 30, 1935.

*Lee I. Park, Esq.*, and *Charles D. Hamel, Esq.*, for the petitioner. *Harry F. Morton, Esq.*, and *Frank M. Thompson, Jr., Esq.*, for the respondent.

OPINION.

ARUNDELL: In addition to the facts stipulated in this case, the parties have filed another stipulation the effect of which, as explained by counsel at the hearing, is to estop the petitioner from claiming that any of the additional compensation reported by him in his 1931 return or added thereto by the respondent was income for any year prior to 1931. This stipulation, by its terms, leaves open the question of whether any part of the additional compensation for services rendered in 1929 was income to petitioner in 1931.

The respondent's argument is that the case is governed by section 165 of the Revenue Act of 1928, set out in the margin,[1] and that under petitioner's agreements with Paramount the fund created in 1930 was available to petitioner in 1931 and constituted income to the full extent of the amount paid in by Paramount in 1930.

Petitioner's views are that under the general provisions of the statute defining gross and net income the fund set up in 1930 was not received, actually or constructively, and was not available to him in 1931, hence was not income; that section 165 is not applicable, but even if it is, it does not and can not constitutionally require the inclusion of more than was actually received. The latter contention we take to mean that in any event no more can be included in income than the amount of cash and the value of the stock at December 31, 1931.

---

[1] SEC. 165. EMPLOYEES' TRUSTS.

A trust created by an employer as a part of a stock bonus, pension, or profit-sharing plan for the exclusive benefit of some or all of his employees, to which contributions are made by such employer, or employees, or both, for the purpose of distributing to such employees the earnings and principal of the fund accumulated by the trust in accordance with such plan, shall not be taxable under section 161, but the amount contributed to such fund by the employer and all earnings of such fund shall be taxed to the distributee in the year in which distributed or made available to him. Such distributee shall for the purpose of the normal tax be allowed as credits against net income such part of the amount so distributed or made available as represents the items of dividends and interest specified in section 25 (a) and (b).

We are of the opinion that in so far as the fund set up in 1930 on the basis of Paramount's 1929 income is concerned, it is not necessary to decide whether or not section 165 is applicable. We do not understand that the proceeds of the 1929 fund based on 1928 earnings are in issue. Both parties have apparently treated that fund as resulting in income to the extent of cash plus the value of the stock when received on January 2, 1931. The action of the parties in so treating the 1929 fund accords with our holding in *Oscar R. Olstad*, 32 B. T. A. 670. That case did not involve the precise question we have here, but the reasoning is applicable. There the value of the shares plus the cash received by the employee was less than the amount of his contribution to the employees' trust. The respondent by a literal application of section 165 treated as income the value of the shares at the time purchased by the trust, which value was in excess of the amount paid by the subscribing employee. We held that in enacting section 165 of the 1928 Act containing provisions different from section 219(f) of the 1926 Act, "The purpose * * * was, not to tax the employee where he was not taxed before, but to relieve him of all possibility of tax upon appreciation in the value of trust securities before such appreciation came to his hand by sale."

We have said above that it is unnecessary to decide whether or not section 165 applies to the 1930 fund. The reason for this is that the proceeds of the funds embraced within that section are taxable " in the year in which distributed or made available " to the taxpayer. This language does not lay down any different rule from the general provision of section 42 that items of gross income are to be included in income for the " year in which received by the taxpayer." It is under this general provision that the doctrine of " constructive receipt ", which depends upon the availability of the funds to the taxpayer, has been evolved. See art. 333, Regulations 74.

It is not contended in this case that the 1930 fund—either the cash or stock—was actually received in 1931. Consequently the case narrows down to the question of whether there was constructive receipt in that year. We have often said that the doctrine of constructive receipt is to be sparingly applied, *John A. Brander*, 3 B. T. A. 231; *C. E. Gullett*, 31 B. T. A. 1067. " * * * Income should not be construed to be received prior to the time of actual receipt except where a taxpayer turns his back upon income or does not choose to receive income which he could have if he chose." *Cecil Q. Adams*, 20 B. T. A. 243; affd., 54 Fed. (2d) 228. Cf. *Avery v. Commissioner*, 292 U. S. 210.

The agreement between petitioner and Paramount was that the trustee bank was to hold the fund set up each year " until the De-

cember 31, two years subsequent " to the particular year " and shall then pay and deliver " the fund to petitioner " unless prior to such December 31 " a statement was filed with the bank that petitioner had not performed his obligations. Perhaps there is room for speculation as to whether the parties intended that payment was to be made by the trustee on December 31. However, the trust officer in charge of the account testified that it was the practice of the trustee not to pay until after December 31; that in no year was payment made until after the beginning of the following year; and that if demand had been made on December 31 payment would have been refused. This established practice was apparently acquiesced in by the petitioner. Under those circumstances it does not seem to us that the fund was constructively received by the petitioner on December 31. *Avery* v. *Commissioner, supra.* To hold otherwise would leave the respondent in the inconsistent position of applying the constructive receipt doctrine to the 1930 fund but not to the 1929 fund under the same circumstances. If he is right in treating the 1930 fund as constructively received in 1931, he should treat the 1929 fund as income for 1930. This he does not do. Of course, the petitioner was inconsistent in reporting proceeds from both funds as income in 1931, but he is now asking to have the inconsistency resolved. We hold that the fund set up in respect of Paramount's 1929 earnings was not income to petitioner in 1931.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

STERNHAGEN dissents.